## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JIMMIA JOHNSTON, *individually and on behalf of all others similarly situated* 1315 S. 57th Street Philadelphia, PA 19143 | : : : : : : |
| Plaintiff, | CIVIL ACTION NO. _____ |
| | **JURY TRIAL DEMANDED** |
| v. | |
| EUPHORIC HOME CARE SERVICES LLC; AND 561 Conarroe Street Philadelphia, PA 19128 | |
| SHADIAH SMITH 561 Conarroe Street Philadelphia, PA 19128 | |
| Defendants. | |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Jimmia Johnston ("Plaintiff") hereby brings this action against Defendants Euphoric Home Care Services LLC ("Euphoric") and Shadiah Smith ("Smith") (collectively, "Defendants"), and alleges, upon personal belief as to her own acts, and upon information and belief as to the acts of others, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this complaint as a collective action contending that Defendants unlawfully failed to pay her and other similarly-situated individuals employed in the positions of Home Health Aide, or in positions with similar job duties ("Class Plaintiffs") overtime compensation at a rate of 1.5 times their regular rate of pay for all hours worked over forty (40)

in a workweek, pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

2.      Plaintiff further contends that Defendants violated the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333, *et seq.* with respect to their failure to pay her overtime compensation.

3.      Plaintiff is a current employee of Defendants who is employed in the position of Home Health Aide. During the course of their employment, Plaintiff and Class Plaintiffs regularly worked more than forty (40) hours per week, but were not properly compensated for their work in that Plaintiff and Class Plaintiffs were not paid an overtime premium at 1.5 times their regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

4.      Accordingly, Plaintiff contends that she and Class Plaintiffs are owed unpaid wages and overtime compensation which were denied to them as a result of Defendants' unlawful pay practices.

5.      Plaintiff brings this action as a representative action under the FLSA for monetary damages and penalties, to seek redress for Defendants' willful, unlawful, and improper conduct.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

7.      This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

8.      This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as Plaintiff's FLSA claims.

9. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania.

## PARTIES

10. Plaintiff Jimmia Johnston currently resides at 1315 S. 57th Street, Philadelphia, PA 19143.

11. Upon information and belief, Defendant Euphoric Home Care Services LLC is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania, with an office address registered with the Pennsylvania Secretary of State of 561 Conarroe Street, Philadelphia, PA 19128.

12. Upon information and belief, Defendant Shadiah Smith owns and operates Defendant Euphoric Home Care Services LLC. Upon information and belief, Defendant Smith maintains operational control over Defendant Euphoric, exercising control, both directly and indirectly, over the terms and conditions of employment, work schedules, payroll, and compliance with federal and state wage and hour laws, of the employees of Defendant Euphoric, including, but not limited to, Plaintiff.

13. Upon information and belief, Defendants operate within the Commonwealth of Pennsylvania, including this judicial district.

14. Defendants are employers covered by the FLSA.

15. During the course of her employment with Defendants, Plaintiff was engaged in commerce within the meaning of the FLSA in that she performed work involving goods purchased and/or ordered from locations outside of Pennsylvania.

16.     Upon information and belief, Defendant Euphoric is a covered employer under the FLSA in that, during the course of Plaintiff's employment, it had an annual dollar volume of sale or business done of at least $500,000, and had multiple employees (including, but not limited to Plaintiff) who handle, sell, or otherwise work on goods or material that have been moved in or produced for commerce.

17.     Plaintiff and, upon information and belief, Class Plaintiffs are employees who were employed by Defendants during all times relevant hereto and, as such, are employees entitled to the FLSA's protections. See 29 U.S.C. § 203(e).

18.     At all times relevant hereto, Defendants acted or failed to act through their agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

19.     Paragraphs 1 through 18 are hereby incorporated by reference as though the same were fully set forth at length herein.

20.     This action is brought as a collective action to recover unpaid compensation and overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and damages owed to Plaintiff and all similarly situated current and former employees of Defendants.

21.     Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this collective action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendants in the positions of Home Health Aide, or in positions with substantially similar job duties, who worked for Defendants at any point in the past three (3) years who were paid on an hourly basis and denied overtime compensation at 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek ("Class Plaintiffs").

4

22. Plaintiff estimates that there are in excess of ten (10) other similarly situated Home Health Aides who either are working or have worked for Defendants in the Commonwealth of Pennsylvania within the past three (3) years and were unlawfully denied overtime compensation at 1.5 times their "regular rate" of pay for hours worked in excess of forty (40) in a workweek as a result of the unlawful practices described herein. The precise number of employees can easily be ascertained by Defendants. These employees can be identified and located using Defendants' payroll and/or personnel records. Class Plaintiffs may be informed of the pendency of this Collective Action by direct mail and/or publication.

23. Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective action because the Class Plaintiffs are similarly-situated. Plaintiff and Class Plaintiffs were similarly denied overtime compensation at 1.5 times their regular rate of pay as a result of Defendants' failure to pay an overtime premium beyond their regular rate of compensation, had the same or similar job classifications and job duties, and were subject to the same uniform policies, business practices, payroll practices, and operating procedures. Further, Defendants' willful policies and practices, which are discussed more fully in this Collective Action Complaint, whereby Defendants have failed to pay Class Plaintiffs an overtime premium based on 1.5 times their "regular rate" for all hours worked over forty (40) hours in a workweek, have impacted Class Plaintiffs in the same fashion.

24. Plaintiff will request the Court to authorize notice to all current and former similarly-situated employees employed by Defendants, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation, overtime compensation, and liquidated damages under the FLSA.

**FACTUAL BACKGROUND**

25.     Paragraphs 1 through 24 are hereby incorporated by reference as though the same were fully set forth at length herein.

26.     Plaintiff first began her employment with Defendants on or about October 12, 2020, when she was hired as a Home Health Aide.

27.     Plaintiff is paid on an hourly basis.

28.     Upon information and belief, all Home Health Aides employed by Defendants are compensated on an hourly basis.

29.     Plaintiff and, upon information and belief, all Home Health Aides employed by Defendants are classified by Defendants as "non-exempt" under the FLSA/PMWA.

30.     As Home Health Aides, Plaintiff and Class Plaintiffs' primary job duties include, but are not limited to, assisting with eating, giving medicine, helping with diabetic needles/testing, assisting with clients with physical therapy and exercise, bathing, getting in and out of bed, brushing teeth, combing hair, and general everyday activities.

31.     By way of background, beginning in or around December 2020, Defendant Shadiah Smith ("Ms. Smith"), would "clock in and out" for Plaintiff, and upon information and belief, Class Plaintiffs, at the start of their shifts.

32.     In or around February 2022, Ms. Smith began reducing Plaintiff's hours worked each work day from sixteen (16) hours to fifteen (15) hours without giving notice to Plaintiff, and despite the number of hours actually worked by Plaintiff each work day.

33.     Plaintiff routinely performs approximately one-hundred and five (105) hours of work each workweek.

34. For example, the week of October 4, 2021 through October 10, 2021, Plaintiff worked approximately one-hundred and twelve (112) hours, but was not compensated at 1.5 times her regular rate of pay for all hours worked over forty (40) hours.

35. Despite thus working at least seventy-two (72) hours of overtime during said work period, Plaintiff only received her straight time rate of pay for all hours worked, and was not compensated at 1.5 times her regular rate of pay for all hours worked over forty (40) hours.

36. Despite the fact that Plaintiff and, upon information and belief, Class Plaintiffs, regularly worked/work additional hours of overtime each week, they did not/do not receive overtime compensation at a rate not less than 1.5 times their regular rate of pay for all hours thus worked over forty (40) in a workweek.

37. Defendants failed to track and maintain accurate records of the regular and overtime hours worked by Plaintiff and, upon information and belief, Class Plaintiffs, per day and per week as required by the FLSA. See 29 C.F.R. § 516.2.

38. Defendants were aware that Plaintiff and, upon information and belief, Class Plaintiffs were/are working significant overtime hours without properly receiving overtime compensation as aforesaid.

39. Plaintiff and Class Plaintiffs are/were compensated on an hourly basis and, as such, do not qualify for the exemptions from overtime for executive, administrative, or professional employees under the FLSA/PMWA.

40. Plaintiff and Class Plaintiffs did not/do not have the authority to hire, fire, or discipline other employees of Defendants, nor did/do they make recommendations with respect to employee status changes to which Defendants give substantial weight.

41. As a result, Plaintiff and Class Plaintiffs do not satisfy the duties requirements for the exemption for executive employees under the FLSA/PMWA.

42. Plaintiff and Class Plaintiffs did not/do not perform work directly related to Defendants' management or general business operations, nor did/do they exercise discretion or independent judgment regarding matters of significance to Defendants.

43. Accordingly, Plaintiff and Class Plaintiffs do not meet the duties requirements for the exemption for administrative employees under the FLSA/PMWA.

44. Plaintiff's and Class Plaintiffs' primary duty did not/does not include the performance of work predominately intellectual in nature requiring advanced knowledge in a field of science or learning acquiring through a prolonged course of intellectual instruction. In this regard, Plaintiff's and Class Plaintiffs' job duties did not/does not require the consistent exercise of discretion and judgment, as distinguished from the performance of routine mental, manual, and mechanical work.

45. Accordingly, Plaintiff and Class Plaintiffs do not meet the duties requirements for the exemption for learned professionals under the FLSA/PMWA.

46. Plaintiff and Class Plaintiffs provided care, rather than companionship services, for Defendant, a third-party home care staffing agency, and, as such, do not qualify for the companionship exemption under the FLSA/PMWA.

47. Finally, there are no other exemptions under the FLSA and/or PMWA which could arguably be applicable to Plaintiff or Class Plaintiffs.

48. Plaintiff and Class Plaintiffs are/were, within the meaning of the FLSA and/or PMWA, non-exempt employees of Defendants and therefore entitled to overtime compensation for all hours they worked over forty (40) in a workweek.

49.     On or around June 4, 2022, Plaintiff contacted Ms. Smith via text message regarding Defendants' failure to pay overtime compensation.

50.     In response, Ms. Smith stated, "When yu started yu signed for a flat rate cause we let yu do so many hours n we aren't suppose to !"

51.     Ms. Smith then stated, "But if Yu wanna start getting over time pay I will definitely give it to yu ! But yu will have to come down n hours . . ."

52.     When Plaintiff responded that she would be switching companies as a result of Defendants' failure to pay overtime compensation and the Ms. Smith's suggestion that her hours would be reduced, Ms. Smith responded, "Hey Lily I talk to Dede and I want you to know that you don't have to leave us . . . Honestly with this business a lot of agency's don't do overt time pay and wouldn't let you work as many hours as we allow u but we love you n try to look out also with clocking you in and out. When you first got on with us you signed for that flat rate but if you want overtime that's not a problem."

53.     The above exchange clearly establishes that Defendants knew that their actions, in paying Plaintiff a flat rate rather than overtime compensation at 1.5x her hourly rate for all overtime hours, were not in compliance with applicable law including, but not limited to the FLSA and PMWA.

54.     On or around May 12, 2022, Defendants began paying Plaintiff overtime compensation for the hours she worked over forty (40) in a workweek, but failed to pay her overtime compensation for the many hours of overtime she worked prior to that week.

55.     As a result of Defendants' aforesaid illegal actions, Plaintiff and Class Plaintiffs have suffered damages.

## COUNT I
## FAIR LABOR STANDARDS ACT
## 29 U.S.C § 201, *et seq.*
## COLLECTIVE AND INDIVIDUAL CLAIMS FOR
## FAILURE TO PAY OVERTIME COMPENSATION

56. Paragraphs 1 through 55 are/were hereby incorporated by reference as though the same were fully set forth at length herein.

57. Pursuant to Section 206(b) of the FLSA, employees must be compensated for every hour worked in a workweek.

58. Moreover, under Section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

59. Defendants failed to accurately track and maintain records of all hours worked by Plaintiff and Class Plaintiffs.

60. Defendants failed to pay Plaintiff and Class Plaintiffs overtime compensation for all hours worked over forty (40) in a workweek at 1.5 times their regular rate of pay.

61. The foregoing actions of Defendants and the policies and practices of Defendants violate the FLSA.

62. Defendants' actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

63. Defendants are liable to Plaintiff and Class Plaintiffs for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

**WHEREFORE,** Plaintiff prays for the following relief on behalf of herself and Class Plaintiffs;

  A. An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

  B. An Order from the Court ordering Defendants to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all persons presently or formerly employed by Defendants in the positions of Home Health Aide, or in positions with substantially similar job duties, who worked for Defendants in the Commonwealth of Pennsylvania at any point in the past three (3) years, were paid on an hourly basis and denied overtime compensation at 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek, and authorizing Plaintiff's counsel to issue a notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked for Defendants during the liability period, but were not paid overtime compensation at 1.5 times their regular rate of pay as required by the FLSA;

  C. Adjudicating and declaring that Defendants' conduct as set forth herein and above is in violation of the FLSA;

  D. Adjudicating and declaring that Defendants violated the FLSA by failing to pay overtime compensation to Plaintiff and Class Plaintiffs for work performed in excess of forty (40) hours per week;

  E. Awarding Plaintiff and Class Plaintiffs overtime wages in an amount consistent with the FLSA;

  F. Awarding Plaintiff and Class Plaintiffs liquidated damages in accordance with the FLSA;

  G. Awarding Plaintiff reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

H.  Awarding pre- and post-judgment interest and court costs as further allowed by law;

I.  Granting Plaintiff and the Class Plaintiffs leave to add additional plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

J.  For all additional general and equitable relief to which Plaintiff and the Class Plaintiffs may be entitled.

## COUNT II
## PENNSYLVANIA MINIMUM WAGE ACT OF 1968
## 43 P.S. § 333, *et seq.*
## INDIVIDUAL CLAIMS FOR
## FAILURE TO PAY OVERTIME COMPENSATION

61.  Paragraphs 1 through 60 are hereby incorporated by reference as though the same were fully set forth at length herein.

62.  The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to their employees.  See 43 P.S. § 333.113.

63.  The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one and one-half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek.  See 43 P.S. § 333.113.

64.  By their actions alleged above, Defendants have violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation and for failing to properly pay Plaintiff for all hours worked.

65.  As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts,

together with interest, costs and attorney's fees pursuant to the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, as a result of the unlawful conduct of the Defendants, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants and grant the maximum relief allowed by law, including, but not limited to:

    A.    An award to Plaintiff for the amount of unpaid overtime compensation to which she is entitled, including interest thereon, and penalties subject to proof;

    B.    An award to Plaintiff of reasonable attorney's fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

    C.    An award to Plaintiff for any other damages available to her under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By:  /s/ Michael Groh
       Michael Groh, Esquire
       Eight Penn Center, Suite 2000
       1628 John F. Kennedy Blvd.
       Philadelphia, PA 19103
       TEL: 267-273-1054
       FAX: 215-525-021
       mgroh@phillyemploymentlawyer.com
       *Attorney for Plaintiff*

Dated:   October 28, 2022

## **DEMAND TO PRESERVE EVIDENCE**

The Defendants are hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's and the Class Plaintiffs' employment, to their potential claims and their claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spread sheets, images, cache memory, payroll records, paystubs, time records, time sheets and any other information and/or data which may be relevant to any claim or defense in this litigation.